UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GUI GLOBAL PRODUCTS, LTD. d/b/a GWEE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | 4:20-cv-02624-AHB |
| SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (together, "Samsung") hereby move, pursuant to 28 U.S.C. § 1404(a), to transfer this patent infringement action to the Northern District of California ("NDCA").

**I.     INTRODUCTION**

This case is one of two related actions filed in this District by Plaintiff GUI Global Products, Ltd. ("GUI") alleging infringement of the same four patents.  Specifically, on July 27, 2020, GUI filed this case against Samsung (the "Samsung Case").  The next day, GUI filed suit against Apple Inc.  *See GUI Global Prods., Ltd. d/b/a Gwee v. Apple Inc.*, Case No. 4:20-cv-02652 (the "Apple Case").

On November 3, 2020, Apple filed a motion to transfer its case to NDCA. Apple Case, Dkt. 40 ("Apple's Motion"), Park Decl. Ex. A.[1]  Samsung files the instant motion to also transfer the Samsung Case to NDCA on two primary grounds.

The first is judicial economy.  In particular, GUI admits (and Samsung agrees) that the cases are related, so much that they should be consolidated. *See* Dkt. 39, Joint Motion to Consolidate.  Accordingly, if the Apple Case is transferred to NDCA, so should the Samsung Case.

The second is that, independent of Apple, Samsung has its own affiliated relevant witnesses and documents in NDCA.  Specifically, the products accused of infringement in the Samsung Case ("Accused Products") were conceptualized and designed in NDCA.  Moreover, third party witnesses with information regarding prior art are also in NDCA.  Therefore, in addition to judicial economy (which alone is sufficient to support transfer), the presence of witnesses and documents related to the Samsung Case further weigh strongly in favor transferring both cases to NDCA.

## II.   ARGUMENT

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Cont'l Grain Co. v. The Barge FBL-585, et al.*, 364 U.S. 19, 26, 27 (1960)).

In determining whether to transfer an action, a court first determines whether the claims "might have been brought" in the proposed transferee venue. *In re Volkswagen AG,* 371 F.3d 201, 202 (5th Cir. 2004) ("*Volkswagen I*").  If the transferee venue is proper, the court then weighs a

---

[1] "Park Decl." refers to the Declaration of Jin-Suk Park, submitted herewith as Exhibit 1.

2

number of public and private interest factors to determine whether the transferee venue is "clearly more convenient." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). A motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id.*

> **A.      Plaintiffs Could Have Brought This Action In NDCA.**

GUI alleges proper venue in this District based on the presence of a "Samsung Experience Store" in the Houston Galleria where the Accused Products "are at least sold and offered for sale." D.I. 1 at ¶ 19.[2]

A similar "Samsung Experience Store" is also located in Palo Alto, CA, which is squarely in NDCA.  *Compare* https://www.samsung.com/us/samsung-experience-store/locations/houston/ (Houston store) *with* https://www.samsung.com/us/samsung-experience-store/locations/palo-alto/ (Palo Alto store); Ex. 2, Declaration of Edward Viejo ("Viejo Decl.") ¶ 3.  Accordingly, for at least this reason, GUI could equally have brought this suit in NDCA as in this District.

> **B.      Transfer of Samsung To NDCA Best Serves the Interests of Justice and is Clearly More Convenient.**

Once the transferee venue is deemed proper, the court then weighs a number of public and private interest factors to determine transfer.

> **1.      The Public Interest Factors Favor Transfer of the Samsung Case To NDCA.**

The public factors to be considered in a motion to transfer are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

---

[2] For the purposes of this motion and the issues in this case, Samsung does not challenge that a Samsung Experience Store is sufficient to establish venue.

*Volkswagen I*, 371 F.3d at 203.  In addition, courts in the Fifth Circuit also consider the "interest of justice" requirement of § 1404(a).  *See, e.g., Solofill, LLC v. Rivera*, No. CV H-16-2702, 2017 WL 1354146, at *4 (S.D. Tex. Apr. 13, 2017) ("Although not an explicit public interest factor in the analysis as articulated by *In re Volkswagen*, 'the interest of justice' is an important factor in the venue transfer analysis.").  Indeed, this factor, which includes judicial economy, "may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result."  *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997)).  Particularly given the complexity of many patent infringement cases, "[a]t the end of the day, 'judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *Affinity Labs of Texas, LLC v. Samsung Elecs. Co.*, No. 6:13-CV-364, 2014 WL 12570501, at *7  (W.D. Tex. June 11, 2014) (quoting *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010)).

For example, in *Bandspeed, Inc. v. Acer, Inc.*, the plaintiff filed suit against the defendant alleging patent infringement while a related case, in which the plaintiff asserted the same patents against a different set of defendants, was pending in a different district court.  No. 2:10-CV-215-TJW, 2011 WL 3648453, at *1 (E.D. Tex. Aug. 15, 2011).  The defendant moved to transfer the case to the district where the related cases were pending.  *Id.*  In its analysis, the court found all but one of the private and public factors were neutral, and noted that "[g]enerally, such an outcome would result in a ruling that the Defendants have not met their burden of demonstrating that the [transferee district] is clearly more convenient."  *Id.* at *5.  Regardless, the court granted transfer and held that judicial economy was determinative because "litigating the patents-in-suit almost

simultaneously in this Court and the [transferee district] would be a waste of judicial resources and risk inconstant outcomes." *Id.* at *4.

> **a.     Judicial Economy Alone Warrants Transfer to NDCA if the Apple Case is Transferred.**

In this case, judicial economy should be determinative. *See id.* at *5 ("[I]n patent cases the consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.") (citations omitted); *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595 (N.D. Tex. 2003) ("Transfer is particularly appropriate where related cases involving the same issues are pending in another court.").

In particular, GUI has already agreed that the Samsung and Apple Cases have overlapping (identical) legal and factual issues and should stay together. *See* Dkt. 39 at 3. Therefore, as stated by GUI, having a single judge adjudicate the claims would "avoid[] potentially inconsistent decisions on, for example, claim construction, validity and priority dates for the patents-in-suit…. Further, judicial efficiency will be advanced by having one court rule on common discovery issues, claim construction, validity and priority dates." *Id. See, e.g., Cont'l Grain Co.*, 364 U.S. at 26 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts, leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent."); *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528-29 (5th Cir. 1988) (existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer); *DataTreasury*, 243 F. Supp. 2d. at 594 (co-pending patent litigation creates the risk of "inconsistent claim constructions of the same claims").

Accordingly, keeping the Samsung Case in SDTX if the Apple Case is transferred to NDCA would result in this Court having to duplicate much of the work performed by NDCA,

unnecessarily consume judicial resources, and possibly lead to inconsistent adjudications of the same issues. *See Zoltar Satellite Sys., Inc.*, 402 F. Supp. 2d at 737–39 (holding that where related litigation was pending in NDCA, but only private interest factors favored transfer to NDCA, that "most importantly the interest of justice, particularly considerations of judicial economy" favored transfer). Therefore, if the Apple Case is transferred to NDCA, under this factor alone, the Samsung Case should also be transferred.

        **b.**        **The Remaining Public Interest Factors Weigh in Favor of Transfer or Are Neutral.**

                (i)        Court congestion due to backlog of criminal cases weighs in favor of transfer.

A further public interest factor articulated in *Volkswagen I* is the "administrative difficulties flowing from court congestion." 371 F.3d at 204.

As this court noted in *Kilbourne v. Apple Inc.*, court congestion can be speculative, but statistics regarding pending criminal cases should be taken into account because of "[t]he requirement that criminal cases be given priority over civil cases." No. CV H-17-3283, 2018 WL 3954864, at *5 (S.D. Tex. July 27, 2018). Particularly due to the COVID-19 pandemic, the backlog of criminal cases has grown, and civil jury trials have been delayed.[3] As of June 30, 2020, SDTX has 535 criminal felony actions per judge, while in NDCA there are 44 criminal felony

---

[3] *See, e.g., As Courts Restore Operations, COVID-19 Creates a New Normal*, United States Courts (August 20, 2020), https://www.uscourts.gov/news/2020/08/20/courts-restore-operations-covid-19-creates-new-normal ("Overshadowing much of the planning by courts is the U.S. Constitution. Even in a health crisis, the Sixth Amendment guarantees rights that must be provided in an open court of law. These include the right to confront accusers and the right to confer confidentially with counsel. Most critically, jury trials must be conducted in person, and the backlog is rapidly growing."); Cara Byles, *COVID-19 Leaves Backlogged Courts With A Justice Pile-Up*, LAW360 (March 22, 2020, 8:02 PM EDT ), https://www.law360.com/articles/1255253/covid-19-leaves-backlogged-courts-with-a-justice-pile-up ("In some courts, like the Southern District of Texas, civil jury trials were postponed before criminal trials. . . . In the Southern District of Texas, where judges have an average weighted caseload of 703 cases, more than twice the national average, Chief Judge Lee Rosenthal postponed all trials[.]").

actions per judge.  Park Decl. Ex. B, U.S. District Courts — National Judicial Caseload Profile. The necessary prioritization of these pending criminal cases over civil matters weighs in favor of transfer to a less busy venue.  And while there may be some de minimis delay here due to the process of transferring the case, such "garden-variety" delay is not taken into account when weighing this factor.  *Solofill, LLC*, 2017 WL 1354146, at *3 (citing *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)) ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. If allowed, delay would militate against transfer in every case.").

(ii)     NDCA is familiar with patent cases.

The "familiarity of the forum with the law that will govern the case" should also be taken into account as a public interest factor.  *Volkswagen I*, 371 F.3d at 203.  To the extent the number of cases in a jurisdiction reflect familiarity, this factor also favors transfer.  In particular, while both this District and NDCA are familiar with the relevant law, case statistics from the past three years show that significantly more patent cases are filed in NDCA. Park Decl. Ex. C, Docket Navigator Statistics November 5, 2020 (indicating that SDTX has had 153 patent cases since 2018 and NDCA has had 775 patent cases since 2018).

(iii)     Other public interest factors are neutral.

The remaining public interest factors that should be considered are "the local interest in having localized interests decided at home . . . [and] the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Volkswagen I*, 371 F.3d at 203.

The local interest factor is typically neutral "because patent issues do not give rise to a local controversy or implicate local interests."  *Human Genome Scis., Inc. v. Genentech, Inc.,* No. CA 11-082-LPS, 2011 WL 2911797, at *11 (D. Del. July 18, 2011).  "When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any

7

particular district." *Adaptix, Inc. v. HTC Corp. et al.*, 937 F. Supp. 2d 867, 878 (E.D. Tex. 2013); *see also Kilbourne*, 2018 WL 3954864, at *5 (same).  To the extent that the Samsung Experience Store in Houston establishes a local interest in SDTX, the same interest exists in NDCA as there is a Samsung Experience Store in Palo Alto, CA.  Where, as here, the plaintiff and defendant are citizens of different states, courts typically find that this factor is neutral or slightly favors transfer. *Id.*; *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-CV-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (transferring a case where plaintiff brought suit in EDTX, where it was headquartered, and the defendants developed the infringing products in NDCA).

This case does not present any conflict of laws issues, so this factor is also neutral.

### 2.    The Private Interest Factors Also Favor Transfer to NDCA.

The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I,* 371 F.3d at 203.  A plaintiff's choice of venue is not a factor in the transfer analysis. *Volkswagen II,* 545 F.3d at 315. Rather, this choice is taken into account through the "clearly more convenient" standard applied by the Court in weighing the transfer request. *Id.*

### a.    Samsung's Affiliated Witnesses and Sources of Proof in NDCA Favor Transfer.

"[I]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co.,* 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Spiegelberg v. Collegiate Licensing Co.,* 402 F. Supp. 2d 786, 789-90 (S.D. Tex. 2005).  In particular, the location of an

alleged infringer's research and development-related documents and evidence is an important factor to consider. *See Nintendo,* 589 F.3d at 1199-1200.  While technological advances have lessened the impact of this factor, it is still entitled to weight. *See Adaptix, Inc.*, 937 F. Supp. 2d at 872 (citing *In re Genentech*, 566 F.3d at 1345–46) (weighing presence of design documents for the accused products in NDCA in favor of transfer to NDCA).

Here, the Accused Products (*i.e.*, Samsung Galaxy Buds) were conceptualized and designed by Samsung affiliated teams in San Francisco, in NDCA.   In particular, the following four witnesses in NDCA worked on the project:

- Rhys Bonahoom
- Sean Bornheimer
- Seounghyun Son
- Rob Shook

The fact that these witnesses worked on the Accused Products and have relevant information in NDCA is not only evidenced by their sworn declarations, but the public record.  *See* Ex. 3, Declaration of Rhys Bonahoom ("Bonahoom Decl.") ¶¶ 3-4; Ex. 4, Declaration of Sean Bornheimer ("Bornheimer Decl.") ¶¶ 3-4; Ex. 5, Declaration of Seounghyun Son ("Son Decl.") ¶¶ 3-4; Ex 6, Declaration of Rob Shook ("Shook Decl.") ¶¶ 3-4.  In particular, U.S. Design Patent No. D 887,351, issued on June 16, 2020 and lists all four witnesses as inventors:



Park Decl. Ex. D.

These four witnesses are also listed as inventors for U.S. Design Patent No. D892,086. Park Decl. Ex. E.  Moreover, the development teams in San Francisco were identified by the international World Design Guide in connection with the design of the Galaxy Buds, including their charging capabilities.  Park Decl. Ex. F, World Design Guide 2020 at 3.

To be sure, SEC is a company based in Korea and SEA in New Jersey.  So undoubtedly, there will be relevant witnesses and documents from those respective locations.  However, there are currently no known relevant Samsung witnesses or documents in Houston and Samsung has no corporate presence in SDTX.   Viejo Decl. ¶ 4; *see* Bonahoom Decl. ¶ 4; Bornheimer Decl. ¶ 4; Son Decl. ¶ 4; Shook Decl. ¶ 4.

For its part, GUI identifies only named inventor Walter Mayfield, who is also GUI's principal, as residing in this District. Dkt. 1 at ¶¶ 2, 4, 12. Against the witnesses detailed in Apple's motion (Park Decl. Ex. A) and the witnesses Samsung identifies in NDCA, this factor still weighs substantially in favor of transfer to NDCA. *See, e.g., In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008) (finding that 900 miles of additional travel to Texas tipped the convenience to witnesses factor "considerably" in favor of transfer); *In re Genentech,* 566 F.3d at 1345 (finding the "convenience of the witnesses and parties" factor weighed "substantially in favor of transfer" where numerous material witnesses resided within NDCA and the state of California but none resided in EDTX); *Solofill LLC*, 2017 WL 1354146 at *4–5 (citing *Cont'l Grain Co.,* 364 U.S. at 26) (where public and private interest factors were largely neutral, the "plaintiff's choice of forum [was] clearly outweighed by the interest of justice").

      **b.**    **The Convenience and Cost of Attendance for Witnesses Favors Transfer.**

The "single most important factor in transfer analysis" is the convenience to and cost for the witnesses to travel to and attend trial, including special emphasis on the convenience of non-party witnesses. *In re Genentech,* 566 F.3d at 1343. Under Fifth Circuit law, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I,* 371 F.3d at 204–05. "[I]t is an 'obvious conclusion' that it would be more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I,* 371 F.3d at 205).

As to party witnesses, as noted above, based on allegations, Samsung believes key documentary evidence and witnesses will be in three jurisdictions—NDCA, Korea, and DNJ. As to the witnesses in NDCA, transferring the case to that District would be clearly more convenient. NDCA would also be more convenient for witnesses from Korea as there are multiple non-stop/direct flights per day from Seoul (ICN) into San Francisco (SFO), but none into Houston (IAH). *See* Park Decl Exs. G-H. Additionally, a recent search of flights shows that the minimum flight time from ICN to IAH is just under 16 hours. Park Decl. Ex. H. In comparison, the flight time form ICN to SFO is ~10 hour and 30 mins. Park Decl. Ex. G. Accordingly, a witness traveling round-trip from Korea would save over 10 hours in flight time alone by traveling to SFO vs. IAH.

As to non-party witnesses, the inventors of key prior art systems and references appear to be located in NDCA—at Apple. In particular, the shared specification of the Asserted Patents makes repeated reference to an "Apple® Smart Case" or "Apple® Smart Cover" with which the "switching device" of the Asserted Patents is allegedly compatible. *See, e.g.,* '020 Patent, 20:14-19. In addition, as noted in Apple's Motion, information about the prior art "Apple Bluetooth Headset product" and an allegedly knowledgeable witness, its Senior Director of Systems Engineering for Audio Products, is located in NDCA. *See* Apple Motion (Park Decl. Ex. A) at 5; Park Decl. Ex. I, Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Apple Case, Dkt. 40-1) ¶ 10.

Samsung expects discovery regarding these (prior art) systems from Apple. To note, though it happens that Apple is in the related case, and so the consideration of these witnesses may be duplicative of the considerations already before the Court (*e.g.*, based on the arguments in

Apple's Motion), as to Samsung's Case, Apple's employees are third parties.  Accordingly, as to the Samsung Case, Samsung would need to engage in third party discovery.

Admittedly, the specific relevance of the "Apple® Smart Case," "Apple® Smart Cover," or "Apple Bluetooth Headset Product" (and any documents from NDCA/Apple) is not clear nor confirmed.  That said, these are known/admitted prior art devices with direct relevance to the patents-in-suit (as discussed in the specification) and so should merit consideration.

**c.      The Availability of Compulsory Process Strongly Favors Transfer.**

Another private interest factor to consider is the Court's ability to compel non-party witnesses to attend trial. *Volkswagen I,* 371 F.3d at 203.  As noted above, certain expected prior art witnesses are at Apple.  Even if this case were consolidated with the Apple Case for pretrial purposes, these third-party (to Samsung) witnesses would need to be subpoenaed to attend Samsung's trial and are only subject to compulsory process in NDCA.

In contrast, GUI's principal Mr. Mayfield is likely to be a willing witness. And Samsung is unaware of any potential third party witnesses for GUI.  Thus, this factor weighs strongly for transfer.

## III.    VENUE DISCOVERY IS UNNECESSARY

During the Parties' meet and confer regarding this motion, GUI stated that it intends to seek venue discovery.  When Samsung inquired into why venue discovery was necessary, GUI only spoke generally about venue and could not articulate any specific scope of relevant discovery.  Indeed, there are no issues that warrant venue discovery here.  In particular, as noted above, GUI relies solely on the Samsung Experience Store, a retail store, in Houston to establish venue.  Dkt. 1 ¶ 19.  Moreover, that NDCA is more convenient is verified by declaration and publicly available information, as is the lack of other Samsung offices, documents, or witnesses

13

in this district.  Viejo Decl. ¶ 4; Bonahoom Decl. ¶ 4; Bornheimer Decl. ¶ 4; Son Decl. ¶ 4;

Shook Decl. ¶ 4; Exs. D-F.

Thus, venue discovery would be an unjustified waste of time and resources.

## IV.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court transfer this

action to NDCA.  In addition, should GUI seek it, the Court should deny any request for venue

discovery.

Dated: November 9, 2020

Respectfully submitted:

/s/ Jin-Suk Park
Jin-Suk Park
Attorney-in-Charge
DC Bar No. 484378
jin.park@arnoldporter.com
Paul Margulies
DC Bar No. 1000297
paul.margulies@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: 202.942.5000
Fax: 202.942.5999

Christopher M. Odell
Texas Bar No. 24037205
Christopher.odell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Tel: 713.576.2400
Fax: 713.576.2499

John H. Barr, Jr.
Texas Bar No. 00783605
S.D. Tex. Fed. ID. No. 15407
jbarr@pattersonsheridan.com
Patterson & Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, TX 77046
Tel: 713.577.4821
Fax: 713.623.4846

***Attorneys for Defendants Samsung
Electronics Co., Ltd., and Samsung
Electronics America, Inc.***

15

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented electronic service are being served with a copy of this document via the Court's CM/ECF system, including per Local Rule CV-5.1.

*/s/ Jin-Suk Park*
Jin-Suk Park

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants has conferred with counsel for Plaintiff the relief requested in this motion.  Specifically, on October 29, 2020, lead and local counsel for both Plaintiff and Defendants conferred telephonically to discuss the facts and issues relevant to this motion.  The parties could not come to agreement, and Plaintiff stated it opposes the relief requested.

*/s/ Jin-Suk Park*
Jin-Suk Park