IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUI GLOBAL PRODUCTS, LTD. | § | |
| D/B/A GWEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:20-cv-2624 |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC. | § | Jury Trial Requested |
| | § | |
| Defendants. | § | |

## DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO GUI GLOBAL PRODUCTS, LTD. d/b/a GWEE'S COMPLAINT

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (together, "Samsung"), through their counsel, hereby respond to the Complaint for Patent Infringement (the "Complaint") of Plaintiff GUI Global Products, Ltd. d/b/a Gwee ("GUI"), subject to and without waiver of Samsung's Motion to Transfer Venue to the Northern District of California (Dkt. 44).  Samsung denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.   Samsung's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows.

## INTRODUCTION

1.     Samsung admits that this is an action for purported patent infringement of U.S. Patent Nos. 10,589,320; 10,562,077; 10,259,021; and 10,259,020 (collectively, the "patents-in-suit").   Except as expressly admitted, Samsung denies the allegations in paragraph 1 of the Complaint.

2.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies them.

3.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

4.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies them.

5.      Samsung admits that Mr. Valdez and Mr. Mayfield are the named inventors of the patents-in-suit.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

6.      Denied.

## THE PATENTS-IN-SUIT

7.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

8.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

## **PARTIES**

12.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13.     Samsung admits that SEC is a corporation organized and existing under the laws of the Republic of Korea with its headquarters at 129 Samsung-Ro, Yeongtong-Gu, Suwon, Gyeonggi-Do, Korea.  Samsung admits that SEC has a role in the design, manufacture, and providing to the U.S. and world markets products, including Galaxy Buds.  Samsung denies any remaining allegations contained in paragraph 13.

14.     Denied.  Prior to January 1, 2015, Samsung Telecommunications America, LLC ("STA") was a wholly-owned subsidiary of SEA.  Effective January 1, 2015, STA merged with SEA, with SEA being the surviving entity and STA as the absorbed entity.  STA has since been dismissed from this case and the caption ordered amended by Oral Order of the court on October 16, 2020.  Samsung denies any remaining allegations contained in paragraph 14.

15.     Samsung admits that SEA, a wholly owned subsidiary of SEC, is a New York corporation with places of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that, effective January 1, 2015, SEA merged with STA.  Samsung denies any remaining allegations contained in paragraph 15.

16.     To the extent that a response is required, Samsung denies that SEC, STA, and SEA can properly be referred to collectively as "Samsung."

## **JURISDICTION AND VENUE**

17.     Samsung admits the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.  Samsung further admits that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331 and 1338(a).

18.     For the purposes of this action and this action only, Samsung does not deny that the Court has personal jurisdiction over SEC and SEA.  Except as expressly admitted, Samsung denies the allegations in paragraph 18 of the Complaint.

19.     For the purposes of this action and this action only, Samsung does not deny that this Court may be a proper venue for this suit, but asserts that it is not a convenient venue and venue here is not in the interests of justice pursuant to 28 U.S.C. § 1404(a) as detailed in, e.g., Samsung's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404 (a) (Dkt. 44), which Samsung incorporates herein by reference.  Samsung admits that it has a Samsung Experience Store in the Houston Galleria.  Except as expressly admitted, Samsung denies the allegations in paragraph 19 of the Complaint.

## COUNT I – INFRINGEMENT OF
## U.S. PATENT NO. 10,589,320

20.     Samsung admits that, according to the face of the United States Patent No. 10,589,320 (the "'320 Patent"), the application for the '320 Patent was filed on November 27, 2019 and the '320 Patent issued on March 17, 2020.  Samsung further admits that the '320 Patent on its face lists non-provisional and provisional filings dated as far back as August 5, 2011.  Except as expressly admitted, Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21.     Samsung admits that paragraph 21 recites language from Claim 1 of the '320 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 21 of the Complaint.

22.     Denied.

23.     Denied.

4

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies them.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Samsung admits that it had notice of the '320 Patent by the service of the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 47 of the Complaint.

48.     Denied.

49.     Denied.

**COUNT II – INFRINGEMENT OF
U.S. PATENT NO. 10,562,077**

50.     Samsung admits that, according to the face of the United States Patent No. 10,562,077 (the "'077 Patent"), the application for the '077 Patent was filed on July 2, 2019 and the '077 Patent issued on February 18, 2020.  Samsung further admits that the '077 Patent on its face lists non-provisional and provisional filings dated as far back as August 5, 2011.  Except as expressly admitted Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies them.

51.     Samsung admits that paragraph 51 recites language from Claim 1 of the '077 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 51 of the Complaint.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

6

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Samsung admits that it had notice of the '077 Patent by the service of the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 76 of the Complaint.

77.     Denied.

78.     Denied.

## COUNT III – INFRINGEMENT OF
## U.S. PATENT NO. 10,259,021

79.     Samsung admits that, according to the face of the United States Patent No. 10,259,021 (the "'021 Patent"), the application for the '021 Patent was filed on December 22, 2017.  Samsung denies that the '021 Patent was issued on April 19, 2019.  Samsung admits that the '021 Patent on its face lists April 16, 2019 as the date of patent.  Samsung further admits that the '021 Patent on its face lists non-provisional and provisional filings dated as far back as August 5, 2011.  Except as expressly admitted Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and, therefore, denies them.

80.     Samsung admits that paragraph 80 recites language from Claim 1 of the '021 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 80 of the Complaint.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.   Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint and, therefore, denies them.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Samsung admits that it had notice of the '021 Patent by the service of the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 106 of the Complaint.

107.   Denied.

108.   Denied

## COUNT IV – INFRINGEMENT OF
## U.S. PATENT NO. 10,259,020

109.    Samsung admits that, according to the face of the United States Patent No. 10,259,020 (the "'020 Patent"), the application for the '020 Patent was filed on December 22, 2017 and the '020 Patent issued on April 16, 2019.  Samsung further admits that the '320 Patent on its face lists non-provisional and provisional filings dated as far back as August 5, 2011.  Except as expressly admitted, Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and, therefore, denies them.

110.    Samsung admits that paragraph 110 recites language from Claim 1 of the '021 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 110 of the Complaint.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint and, therefore, denies them.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Samsung admits that it had notice of the '020 Patent by the service of the Complaint.  Except as expressly admitted, Samsung denies the allegations in paragraph 134 of the Complaint.

135.    Denied.

136.    Denied.

## RESPONSE TO JURY DEMAND

137.    Plaintiff's demand for a jury trial does not require a response by Samsung. Samsung also requests a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

138.    Samsung denies that Plaintiff is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for relief of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above and subject to its Motion to Transfer Venue to the Northern District of California (Dkt. 44), Samsung contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these affirmative defenses, Samsung does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  In addition to the affirmative and other defenses described below, and subject to the responses above, Samsung intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses, including inequitable conduct, consistent with the facts that become known through the course of discovery or otherwise.

## FIRST DEFENSE

## FAILURE TO STATE A CLAIM

GUI's Complaint fails to state a claim upon which relief may be granted.

## SECOND DFENSE

## NON-INFRINGEMENT OF THE '320 PATENT

Samsung has not infringed and does not directly or indirectly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '320 Patent under any theory of infringement.  For example, claim 1 of the '320 patent requires a "portable electronic device."  This term was defined in the specification of the '320 patent as "[t]he term portable electronic device means such devices having a view screen including, but not limited to, tablet computers, laptop computers, portable DVD players, and the like." '320 patent, 17:59-62.  The Samsung product that GUI identifies as a "portable electronic device" has no view screen, and thus cannot infringe any claim of the '320 patent.

**THIRD DEFENSE**

**NON-INFRINGEMENT OF THE '077 PATENT**

Samsung has not infringed and does not directly or indirectly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '077 Patent under any theory of infringement.  For example, claim 1 of the '077 patent requires a "portable electronic device."  This term was defined in the specification of the '077 patent as "[t]he term portable electronic device means such devices having a view screen including, but not limited to, tablet computers, laptop computers, portable DVD players, and the like."  '077 patent, 17:59-62.  The Samsung product that GUI identifies as a "portable electronic device" has no view screen, and thus cannot infringe any claim of the '077 patent.

**FOURTH DEFENSE**

**NON-INFRINGEMENT OF THE '021 PATENT**

Samsung has not infringed and does not directly or indirectly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '021 Patent under any theory of infringement.  For example, claim 1 of the '021 patent requires a "portable electronic device."  This term was defined in the specification of the '021 patent as "[t]he term portable electronic device means such devices having a view screen including, but not limited to, tablet computers, laptop computers, portable DVD players, and the like."  '021 patent, 17:58-61.  The Samsung product that GUI identifies as a "portable electronic device" has no view screen, and thus cannot infringe any claim of the '021 patent.

**FIFTH DEFENSE**

**NON-INFRINGEMENT OF THE '020 PATENT**

Samsung has not infringed and does not directly or indirectly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '020 Patent under any theory of

13

infringement.  For example, claim 1 of the '020 patent requires a "portable electronic device."  This term was defined by in the specification of the '020 patent as "[t]he term portable electronic device means such devices having a view screen including, but not limited to, tablet computers, laptop computers, portable DVD players, and the like."  '020 patent, 17:49-52.  The Samsung product that GUI identifies as a "portable electronic device" has no view screen, and thus cannot infringe any claim of the '020 patent.

**SIXTH DEFENSE**

**INVALIDITY OF THE '320 PATENT**

The '320 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SEVENTH DEFENSE**

**INVALIDITY OF THE '077 PATENT**

The '077 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**EIGTH DEFENSE**

**INVALIDITY OF THE '021 PATENT**

The '021 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**NINTH DEFENSE**

**INVALIDITY OF THE '020 PATENT**

The '020 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TENTH DEFENSE

## LIMITATION OF LIABILITY FOR INDIRECT INFRINGEMENT

As noted in Samsung's Second, Third, Fourth, and Fifth Affirmative Defenses, Samsung's products have not infringed and do not directly infringe any valid and enforceable claim of the '320, '077, '021, or '020 patents. Accordingly, Samsung cannot indirectly infringe any valid and enforceable claim of the '320, '077, '021, or '020 patents.

Additionally, to the extent that Plaintiff asserts that Samsung indirectly infringes the '320, '077, '021, or '020 patents, either by contributory infringement or inducement of infringement, Samsung is not liable to Plaintiff for the acts alleged to have been performed before Samsung had knowledge of the claims of the '320, '077, '021, or '020 patents and/or could form the intent to cause infringement.

## ELEVENTH DEFENSE

## PROSECUTION HISTORY ESTOPPEL

By reason of the prior art and/or statements and representations made to the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '320, '077, '021, or '020 patents, the claims are so limited that they cannot properly be construed as covering any activity or product of Samsung.

## TWELFTH DEFENSE

## LIMITATIONS ON DAMAGES, MARKING, & NOTICE

Plaintiff is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and 287.

## THIRTEENTH DEFENSE

## NO INJUNCTIVE RELIEF

Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at law for Plaintiff's allegations and Plaintiff's claims otherwise fail to meet the requirements for such relief.

## FOURTEENTH DEFENSE

## NO WILLFUL INFRINGEMENT

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Samsung has not intentionally, willfully, or deliberately infringed any claim of the patents-in-suit, or acted with egregious conduct.

## FIFTEENTH DEFENSE

## ATTORNEYS' FEES

Plaintiff is not entitled to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

## SIXTEENTH DEFENSE

## EQUITABLE DEFENSES

Plaintiff's claims for relief are barred or limited in whole or in part by equitable defenses, including waiver, estoppel, implied license, and/or unclean hands.

## DEMAND FOR JURY TRIAL

Samsung demands a trial by jury on all triable issues.

Dated: November 17, 2020

Respectfully submitted,

*/s/ Jin-Suk Park*
Jin-Suk Park
Attorney-in-Charge
DC Bar No. 484378
jin.park@arnoldporter.com
Paul Margulies
DC Bar No. 1000297
paul.margulies@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC  20001
Tel: 202.942.5000
Fax: 202.942.5999

Christopher M. Odell
Texas Bar No. 24037205
Christopher.odell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX  77002-2755
Tel: 713.576.2400
Fax: 713.576.2499

John H. Barr, Jr.
Texas Bar No. 00783605
S.D. Tex. Fed. ID. No. 15407
jbarr@pattersonsheridan.com
Patterson & Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, TX  77046
Tel: 713.577.4821
Fax: 713.623.4846

***Attorneys for Defendants Samsung
Electronics Co., Ltd., and Samsung
Electronics America, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented electronic service are being served with a copy of this document via the Court's CM/ECF system, including per Local Rule CV-5.1.

*/s/ Jin-Suk Park*
Jin-Suk Park